# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TRUSTEES OF THE NATIONAL ELEVATOR  
INDUSTRY PENSION, HEALTH BENEFIT,  
EDUCATIONAL, ELEVATOR INDUSTRY  
WORK PRESERVATION FUNDS, ELEVATOR  
CONSTRUCTORS ANNUITY AND  
401(K) RETIREMENT PLAN,  
      Plaintiffs,

v.             CIVIL ACTION NO. 13-26

MEI ELEVATOR, INC.,  
      Defendant.

## STIPULATION OF SETTLEMENT & ORDER

Plaintiffs, Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan ("Trustees" or "NEI Benefit Plans"), by and through its attorneys, O'Donoghue & O'Donoghue LLP, and Defendant, MEI Elevator, Inc. (hereinafter "MEI Elevator"), through their counsel, PashmanStein, hereby agree that this action shall be marked dismissed upon the completion of the following terms and conditions of settlement:

1. All claims and cross-claims shall be dismissed as part of this settlement.

2. The parties voluntarily submit to the jurisdiction of the Court.

3. Defendant MEI Elevator agrees to pay the following amounts: Thirty-Four Thousand Six Hundred and Fifty-Nine Dollars and Fifty-Three Cents ($34,659.53) in contributions for work performed during the months of February through and including

MEI Elevator, Inc.  
Settlement Agreement  
Civil Action No. 13-26

                 MEI Elevator's Initials

December 2012. MEI Elevator acknowledges that it owes interest for the late payment of contributions in the amount of Six Hundred Thirty Dollars and Ninety-Three Cents ($630.93).

4. Defendant MEI Elevator agrees to pay the NEI Benefit Plans Thirty-One Thousand Nine Hundred Eighty-Seven Dollars and Ninety-Four Cents ($31,987.94) in contributions due for an audit for the period of January 1, 2008 through January 31, 2010.

5. Defendant MEI Elevator agrees to pay the NEI Benefit Plans One Thousand Six Hundred Forty-Six Dollars and Seventy-Eight Cents ($1,646.78) in interest due for an audit for the period of January 1, 2008 through January 31, 2010.

6. Defendant MEI Elevator agrees to pay the NEI Benefit Plans Three Thousand Four Hundred One Dollars and Zero Cents ($3,401.00) in audit fees due for an audit for the period of January 1, 2008 through January 31, 2010.

7. Defendant MEI Elevator agrees to pay the NEI Benefit Plans Two Thousand Eight Hundred Twelve Dollars and Seventy-Seven Cents ($2,812.77) in accrued interest due for an audit for the period of January 1, 2008 through January 31, 2010.

8. Defendant MEI Elevator agrees to pay the NEI Benefit Plans Thirteen Thousand Three Hundred Twenty-Nine Dollars and Forty-Nine Cents ($13,329.49) in liquidated damages assessed on the unpaid contribution and the contributions found due in the audit for the period of January 1, 2008 through January 31, 2010. Liquidated damages are assessed in accordance with the Restated Agreements and Declarations of Trust establishing the NEI Plans and the Guidelines for Participation in the NEI.

9. Defendant MEI Elevator acknowledges that the Plaintiff Funds have incurred

costs and attorney's fees totaling Nine Hundred Thirty Dollars ($930.00) filing and litigating the instant action. Defendant agrees to pay these amounts to the Trustees.

10. It is agreed that the Plaintiff Funds have granted the Defendant MEI Elevator a waiver of the liquidated damages in the amount of Thirteen Thousand Three Hundred Twenty-Nine Dollars and Forty-Nine Cents ($13,329.49) assessed as set forth above. Said liquidated damages will be waived by the Plaintiff Funds in consideration of the following: (a) Defendant agrees to pay the sum of Seventy-Six Thousand, Sixty-Eight Dollars and Ninety-Five Cents ($76,068.95) to NEI for contributions, audit contributions, audit interest, audit fees, accrued interest, interest for the late payment of contributions, costs and attorney's fees per the terms of the Settlement Agreement, (b) Defendant must make each and every one of the scheduled payments to liquidate the acknowledged indebtedness as they become due under this Stipulation and the Settlement Agreement to be executed between the parties, and (c) the Defendant will remain current with their current contribution obligations, and otherwise comply with the terms of the Settlement Agreement, Stipulation of Settlement, and any and all documents governing the payment of benefit contributions to the NEI Benefit Plans. The Defendant will further abide by the more detailed requirements set forth in the Settlement Agreement to be executed by the parties. If Defendant fails to abide by the terms of this waiver and/or the terms of the Settlement Agreement, the entire amount of liquidated damages as set forth above will be reassessed and Defendant acknowledge that those amounts will be paid to the Plaintiffs pursuant to the terms of the Settlement Agreement.

10. Defendant MEI Elevator agrees to pay the principal sum of Eighty-Nine Thousand

MEI Elevator, Inc.
Settlement Agreement
Civil Action No. 13-26

3

MEI Elevator's Initials

Three Hundred Ninety-Eight Dollars and Forty-Four Cents ($89,398.44) to NEI plus interest that accrues at the IRS rate for the underpayment of contributions as follows: The sum of One Thousand Five Hundred Dollars ($1,500.00) to be paid on or before execution of the Stipulation and Settlement Agreement. The balance of the amount owed plus the accrued interest, is to be paid in consecutive equal monthly payments of One Thousand Five Hundred Dollars ($1,500.00) to be paid on or before the Fifteenth (15th) of each month commencing with the payment due on or about April 15, 2013. MEI Elevator will also make an additional payment of $30,000.00 on or before May 15, 2013. Payments made in accordance with this Stipulation will be made by wire transfer or bank/certified check to NEI each month. Payments will continue until all amounts due are paid.

11. It is further agreed that to the extent that the Defendant MEI Elevator has submitted inaccurate or incomplete reports, the parties do not waive or release any claims, action, or causes of action.

12. If there is any default by MEI Elevator in the payment of the said installment or in the payment of the regular monthly contributions, or the failure of MEI Elevator to abide by the terms of this Stipulation and/or the terms of the Settlement Agreement, the entire balance due from said Defendant to the Plaintiff Funds shall immediately become due and payable. Upon affidavit of the Plaintiffs of such default, a judgment in the full amount due may be entered immediately and shall be enforceable as a judgment. The parties stipulate and agree that if there is an event of default by MEI Elevator, and the Trustees give notice of non-payment to the Defendant or their attorney and Defendant does not make the past-due payment within ten (10)

calendar days of the notice, upon the filing of an affidavit of non-payment Defendant shall not contest and this Court shall render a Final Judgment in favor of the Trustees against the Defendant, for Eighty-Nine Thousand Three Hundred Ninety-Eight Dollars and Forty-Four Cents ($89,398.44) less any payments that have been made by Defendant to the NEI Plans. In the event that the Trustees right to file an affidavit of non-payment is triggered by Defendant's non-payment, the Trustees shall also be entitled to recover its attorney's fees and costs incurred in obtaining Final Judgment against Defendant.

13. Defendant MEI Elevator agrees to make the payments delineated in this Stipulation of Settlement and the Settlement Agreement, in accordance with the terms and conditions delineated herein. The NEI Plans agree to accept this payment of Eighty-Nine Thousand Three Hundred Ninety-Eight Dollars and Forty-Four Cents ($89,398.44) (the "Settlement Payment") to resolve the lawsuit.

14. Upon receipt and clearance of the final payment, the Plaintiffs will provide MEI Elevator an acknowledgement that all amounts have been paid.

15. This Stipulation of Settlement shall be filed with the Court in the above-captioned action. The Settlement Agreement will not be filed with the Court.

16. The person signing this Stipulation warrants and represents that they possess full authority to bind the persons on whose behalf they are signing.

17. This Stipulation and the Settlement Agreement may be executed in any number of counterparts, each of which shall be an original and all of which shall together constitute one and the same instrument.

MEI Elevator, Inc.
Settlement Agreement
Civil Action No. 13-26

5

MEI Elevator's Initials

18. Facsimile and email versions shall have the same force and effect as originals.

IN WITNESS WHEREOF, Plaintiffs Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan have executed this Stipulation and the Settlement Agreement this 4th day of April 2013.

> O'DONOGHUE & O'DONOGHUE LLP
> Constitution Place, Suite 515
> 325 Chestnut Street
> Philadelphia, PA 19106
> Telephone (215) 629-4970
> Facsimile (215) 629-4996
> ddcapuano@odonoghuelaw.com
>
> By: _____
> David D. Capuano
> Counsel for the Plaintiff Funds

IN WITNESS WHEREOF, Defendant MEI Elevator, Inc. has executed this Stipulation, an Affidavit of Confession of Judgment and the Settlement Agreement this 3 day of April 2013.

> By: Paul Capoferte VP MEI
> MEI Elevator, Inc.
> Defendant

Approved by:

> Samuel Samaro, Esq.
> Pashman Stein, PC
> Court Plaza South
> 21 Main Street, Suite 100
> Hackensack, NJ 07601
> Phone: 201.488.8200
> Fax: 201.488.5556
>
> Email: ssamaro@pashmanstein.com



By: _____
Samuel Samaro, Esq.
Counsel for Defendant

The foregoing Stipulation is approved and shall be filed as a Court-approved settlement and shall be enforceable as a Court Judgment against the Defendant, MEI Elevator, Inc.

_____
JUDGE STEWART DALZELL
April 4, 2013